UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-61017-CIV-ALTMAN/HUNT

JODI JACOBS,

    Plaintiff,

v.

MID-CONTINENT CASUALTY COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Tax Costs ("Motion"), ECF No. 72. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. See ECF No. 73; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 72, be GRANTED in part as set forth below.

## BACKGROUND

Jodi Jacobs ("Plaintiff") brought this action against Mid-Continent Casualty Company ("Defendant") seeking both a declaration that Defendant breached its duty to defend and indemnify Vesta Construction, Inc., and Marc Zekofsky in the underlying action and for recovery of damages in the amount of $450,000 pursuant to the consent judgment entered in the underlying action. On December 21, 2020, Defendant moved for summary judgment. ECF No. 56. On September 8, 2021, the Court granted Defendant's Amended Motion for Summary Judgment and entered final judgment in favor of

Defendant. ECF Nos. 70, 71.  Defendant then filed the instant motion seeking costs as the prevailing party pursuant to 54(d) of the Federal Rules of Civil Procedure.  ECF No. 73.  Plaintiff's response does not contest that Defendant is entitled to tax costs nor does Plaintiff object to most of the costs Defendant seeks to recover.  ECF No. 80.  However, Plaintiff objects to the costs associated with Defendant's witnesses' fees for Eric Stettin and Joel Kaplan.  ECF No. 80.  Further, Plaintiff argues that any judgment for taxable costs should be entered against Plaintiff in her representative capacity only.  ECF No. 80.  Defendant filed a reply in support of its Motion. ECF No. 81.

## DISCUSSION

### Costs

Defendant seeks to recover $5,949.60 in litigation costs, which result from fees for deposition transcripts obtained for use in the case, photocopying and printing costs, fees associated with its witnesses, and the filing fee for this action.  ECF No. 72.  Defendant claims that it is entitled to recover costs because the Court granted its motion for summary judgment and entered final judgment in its favor, which makes Defendant the prevailing party.

    A.    Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorney's fees.  Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).

"A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred."  *Sream,*

*Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).  A material alteration between parties has been found in situations where, "a party has been awarded by the court at least some relief on the merits of his claim or . . . a judicial imprimatur on the change in the legal relationship between the parties." *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766-CIV-GAYLES/SELTZER, 2018 WL 6620314, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Smalbein v. Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

Here, the Court granted Defendant's Amended Motion for Summary Judgment and entered final judgment in favor of Defendant.  Therefore, the undersigned finds that Defendant is the prevailing party and entitled to costs pursuant Federal Rule of Civil Procedure 54(d).

    B.    Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920.  *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009).  Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks to recover taxable costs of $5,949.60 in litigation costs, which result from fees for deposition transcripts obtained for use in the case, photocopying and printing costs, fees associated with its witnesses, and the filing fee for this action.  "A court

may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'"  *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case.  *Id.* (citing *W & O*, 213 F.3d at 621).

<u>Deposition Transcript Fees</u>

Defendant contends that it was reasonably necessary to depose and to obtain the deposition transcripts of Plaintiff and three other individuals in order to prepare its defense for trial and move for summary judgment.  As Plaintiff does not oppose these costs and such costs are permitted under 28 U.S.C. § 1920, the undersigned finds that Defendant is entitled to recover $2,795 in fees of the court reporter and for deposition transcripts.

<u>Photocopying and Printing Fees</u>

Defendant next seeks to recover $9.60 for photocopying and printing associated with 120 copies including: Defendant's policy; underlying complaints; consent judgment; depositions taken in the underlying action; and correspondence regarding settlement negotiations in the underlying action used in preparing for deposition, summary judgment, and trial.  Once again Plaintiff does not oppose this cost.  Therefore, the undersigned finds that Defendant is entitled to recover this cost as "fees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

4

<u>Filling Fee</u>

Defendant next seeks to recover the filing fee of $400 paid to the Clerk of this Court. Plaintiff filed the instant action in state court and Defendant removed this matter to this Court. ECF No. 1. Filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920(5). Therefore, the undersigned finds that Defendant is entitled to recover the filing fee paid to the Clerk of this Court.

<u>Witness Fees</u>

Defendant also seeks to recover fees associated with three witnesses. Defendant contends that it is entitled to recover $40 for each witness, which Plaintiff does not oppose. Defendant also seeks to recover $1,125 for the deposition of Eric Stettin and $1,500 for the deposition of Joel Kaplan. ECF No. 72 at 3 n.2. Defendant contends that these witnesses would not appear for deposition unless they were paid their hourly rates. Defendant contends that this Court has discretion to award the additional fees associated with the depositions pursuant to its inherent power. Plaintiff argues that the costs for the witnesses should be limited to $40.

Under 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40 for each day's attendance. The undersigned disagrees with Defendant that it is within the Court's inherent power to award non-taxable costs such as witness costs in excess of $40 pursuant to U.S.C. §1920. *See Berber v. Wells Fargo Bank. N.A.*, No. 16-24918-CIV-MARTINEZ/GOODMAN, 2021 WL 495033, at *2 (S.D. Fla. Feb. 2, 2021) ("While $40 per day is low for any expert witness, it is not within this Court's power to increase the amount."). Defendant's cited cases awarded the non-taxable expert costs as a sanction,

5

which is within the Court's authority. *See Wachovia Bank v. Tien*, 406 F. App'x 378, 383 (11th Cir. 2010) ("A district court clearly acts within its discretion when it fashions a sanction which is a direct response to the harm that the bad-faith conduct caused . . . an assessment of attorney's fees is undoubtedly within a court's inherent power . . . as is the inclusion of such nontaxable costs as expert-witness fees.") (internal citations and quotation omitted). Thus, the undersigned declines to award more than $40 per witness and finds that Defendant is entitled to recover witness fees of $120.

Interest

Finally, Defendant seeks interest on the total costs taxed against Plaintiff pursuant to 28 U.S.C. § 1961. "When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Therefore, as Defendant is the prevailing party in this action, the undersigned recommends that the District Court find that it is statutorily entitled to post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 72, be GRANTED in part. Defendant should recover taxable costs of $3,324.60, which consists of the sum of the transcript and court reporter fees ($2,795), photocopying and printing fees ($9.60), the filing fee ($400), and witness fees ($120). The

undersigned also recommends that Defendant be entitled to post-judgment interest. The undersigned also recommends entering the cost award against Plaintiff in her representative capacity and making the estate the subject of the cost award. *See Stone v. Hendry*, 17-14177-CIV-ROSENBERG/MAYNARD, 2020 WL 2772002, at *1 (S.D. Fla. May 26, 2020) (awarding costs against the plaintiff in her role as personal representative and that the defendant may recover the cost award against the estate).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 8th day of November 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Records