**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61017-CIV-ALTMAN/Hunt**

**JODI JACOBS**,

    *Plaintiff*,

v.

**MID-CONTINENT CASUALTY COMPANY**,

    *Defendant*.

_____/

**ORDER**

The Defendant, Mid-Continent Casualty Company ("MCC"), has filed a Verified Motion to Tax Costs [ECF No. 72] (the "Motion") under FED. R. CIV. P. 54(d). The Court referred the Motion to United States Magistrate Judge Patrick M. Hunt. *See* Order of Referral [ECF No. 73]. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 82] (the "R&R"), in which he recommended that we grant in part and deny in part the Motion. The Plaintiff, Jodi Jacobs, filed a Limited Objection to the Report and Recommendation [ECF No. 83] (the "Limited Objection")—only "to preserve her right to appeal any forthcoming costs award on the basis that if the underlying merits order and final judgment are vacated on appeal, then any forthcoming costs award must also be vacated." *Id.* at 1. The Plaintiff "[did] not object to the remainder of the [R&R]." *Id.*

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). "Where a proper, *specific* objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (emphasis added) (quoting *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* (cleaned up). We don't interpret the Plaintiff's objection here to constitute a "proper, specific objection" because she doesn't object to any of Magistrate Judge

Hunt's factual or legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Plaintiff admits she objected only to preserve her right to appeal the award of costs to MCC. *See* Limited Objection at 1. So, we don't review the R&R *de novo*. Instead, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Specifically, we agree with Magistrate Judge Hunt's straightforward finding that, because MCC prevailed on its motion for summary judgment, it's entitled to recover costs under FED. R. CIV. P. 54(d). *See* R&R at 2–3. We also agree with Magistrate Judge Hunt's determination that MCC should recoup: (1) deposition transcript fees, photocopying and printing fees, and filing fees under 28 U.S.C. § 1920; (2) witness fees capped at $40 per witness under § 28 U.S.C. § 1821(b); and (c) interest under § 28 U.S.C. 1961. *See* R&R at 3–6.

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 82] is **ACCEPTED and ADOPTED** in full.
2. The Defendant's Verified Motion to Tax Costs [ECF No. 72] is **GRANTED in part**.
3. The case shall remain administratively **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record